

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2005

# Holston v. Subers

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4275

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Holston v. Subers" (2005). *2005 Decisions.* Paper 1224.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1224

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4275
_____

ANDREW HOLSTON,

Appellant

v.

ALBERT SUBERS, Judge; THEODORE
Q. THOMPSON, Esquire

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-00694)
District Judge: Honorable Ronald L. Buckwalter

_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 10, 2005

BEFORE: ALITO, McKEE and AMBRO, <u>CIRCUIT JUDGES</u>

(Filed May 10, 2005)

_____

OPINION
_____

PER CURIAM

Andrew Holston appeals from the District Court's order dismissing his "Petition to

Review."  We will affirm the order pursuant to I.O.P. 10.6, as the appeal presents no substantial question.

Holston filed a complaint in February 2004, which he later amended, seeking declaratory relief and damages.  The complaint alleged that Theodore Thompson, Holston's former attorney in a condemnation proceeding, committed perjury in state court pursuant to 18 U.S.C. § 1621 when he denied receiving a malpractice petition.  Holston also asserted that Senior Judge Albert R. Subers, of the Montgomery County Court of Common Pleas, had obstructed justice by dismissing Holston's malpractice action.  The District Court granted the defendants' motions to dismiss.  Holston then filed documents, relating to each defendant, entitled "Application for Expediated [sic] Consideration," which the District Court construed as motions for reconsideration and denied as untimely and lacking merit.[1]  Shortly thereafter, Holston filed a document entitled "Petition Said Court to Review the Case."  The District Court dismissed his "Petition to Review," and Holston filed this appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our review of the District Court's dismissal of the "Petition to Review" is plenary.  See Universal Minerals, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 103 (3d Cir. 1981).  The District Court dismissed the "Petition to Review" after concluding that there was no such cause of action recognized

---

[1]  Because the "Application" was filed more than ten days after entry of the orders granting defendants' motions to dismiss, it did not toll the time to appeal those orders.  See Fed. R. App. P. 4(a)(4).

2

in law or equity. We agree. Holston does not cite any law that would support his "Petition to Review." He merely repeats the allegations provided in his "Application for Expedited [sic] Consideration," which the District Court had previously denied. Even if the District Court had construed the "Petition to Review" as a motion to reconsider the denial of the "Application," the motion would have been properly denied as untimely. The "Petition to Review" does not include any language to suggest it is a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) or a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), or provide any argument to support such a motion.

Finally, we note that, in his "Petition to Review," Holston also seeks Judge Buckwalter's recusal and takes issue with a decision issued by a panel of this Court. As there were no proceedings before Judge Buckwalter at the time the "Petition to Review" was filed, there was no basis for his recusal. Review of decisions issued by this Court is not obtained by filing a petition in the District Court.

Having concluded the appeal presents no substantial question, we will summarily affirm the District Court's order.